UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY RUDDER, *Personal Representative for the* ESTATE OF KATIE NICHOLE PRIMEL

    Plaintiff,

v.

ANESSA ISRAEL, *et al.*,

    Defendants.
_____/

Case No. 2:24-cv-10302

Hon Brandy R. McMillion
United States District Judge

**ORDER ADOPTING RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 76), OVERRULING DEFENDANT'S OBJECTIONS (ECF NO. 81), ACCEPTING AS FILED THE SIXTH AMENDED COMPLAINT (ECF NO. 83), DIRECTING MAGISTRATE JUDGE TO ISSUE REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (ECF NO. 86)**

On March 7, 2022, Katie Nichole Primel tragically committed suicide while she was a pretrial detainee in a Genesee County Jail. Ms. Primel's mother, Tracy Rudder ("Rudder"), filed this instant action on February 5, 2024, as the purported Personal Representative of the Estate of Katie Nichole Primel, against various Defendants, including Genesee County, Deputy Anessa Israel, Advanced Correctional Healthcare, Inc. (and certain of its employees, including Nurse Kelly

1

Leonard) (collectively, the "ACH Defendants") who she contends are responsible for Primel's death. *See generally* ECF No. 1. The Complaint was amended several times, and the operative complaint at issue against all remaining defendants was filed on March 24, 2025, as the Fourth Amended Complaint. *See* ECF No. 50.

On April 7, 2025, Defendants Anessa Isreal ("Isreal"), Advance Corrections Healthcare Inc. ("ACH," on behalf of the ACH Defendants), and Genesee County ("Genesee County") each filed a Motion to Dismiss the Fourth Amended Complaint. *See* ECF Nos. 51, 52, 53. This matter was referred to Magistrate Judge David R. Grand for all pretrial matters, including issuing a report and recommendation on the pending Motions to Dismiss. *See* ECF No. 59. On November 12, 2025, Magistrate Judge Grand issued a Report and Recommendation ("R&R") suggesting that the undersigned should: (i) Deny Without Prejudice Israel's Motion to Dismiss (ECF No. 51); (ii) Deny as Moot Genesee County's Motion to Dismiss (ECF No. 53); (iii) Deny Without Prejudice ACH's Motion to Dismiss (ECF No. 52); and (iv) Grant Rudder leave to file an amended complaint on or before December 10, 2025. *See* ECF No. 76, PageID.1584.

On November 26, 2025, ACH filed timely objections to the R&R, which Rudder responded and ACH replied. *See* ECF Nos. 81, 82, 84. Genesee County and Isreal did not file any objections, and the Magistrate Judge noted that Isreal did not object to Rudder filing an additional amended complaint. *See* ECF No. 76,

2

PageID.1584, n.3.  Prior to the Court ruling on the R&R, Rudder filed a Sixth Amended Complaint[1] on December 10, 2025, in accordance with Judge Grand's recommendation.  *See* ECF No. 83.  Subsequent to that filing, ACH filed a Motion to Strike or in the alternative to Dismiss the Sixth Amended Complaint.  *See* ECF No. 86.

The Court has reviewed ACH's Objections (ECF No. 81), Rudder's Response (ECF No. 82), and ACH's Reply (ECF No. 84), conducted a *de novo review* of the record, and agrees that Rudder should be given a final opportunity to amend her complaint.  As such, the Court will **ACCEPT AND ADOPT** the recommended disposition of the R&R (ECF No. 76), **OVERRULE** ACH's Objections (ECF No. 81); **ACCEPT AS FILED** the Sixth Amended Complaint (ECF No. 83), and **DIRECT** Magistrate Judge Grand to issue a Report and Recommendation on Defendant ACH's pending Motion to Dismiss the Sixth Amended Complaint (ECF No. 86)[2] after it has been fully briefed.

\* \* \*

---

[1] From a review of the docket, the operative complaint was labeled the Fourth Amended Complaint but should have been the Fifth.  *Compare* ECF Nos 1, 11, 15, 28 *with* ECF No. 50.  The newly filed amended complaint is therefore the Sixth Amended Complaint; and the Court will accept it as filed – the Sixth Amended Complaint.  *See* ECF No. 83.

[2] The Motion to Strike or in the Alternative Dismiss was filed concurrent with a Motion for Leave to File Excess Pages (ECF No. 87).  The Court has granted the Motion for Excess Pages by Text-Only Order and the Magistrate Judge is directed to consider the Motion as filed.

When a party objects to portions of a Magistrate Judge's R&R, the Court reviews those portions under a *de novo* review. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Moreover, an objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). The Court

> is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources.

*See Owens v. Comm'r of Soc. Sec.*, No. 1:12-cv-00047, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (citations and emphasis omitted).

The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's R&R. *See Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

\* \* \*

Here, ACH lodges two objections to Magistrate Judge Grand's R&R: (1) that Judge Grand erred in finding that amendment would not be futile; and (2) that Judge Grand erroneously applied factors in determining whether granting leave to amend was appropriate. The Court disagrees. Fed. R. Civ. P. 15(a)(2) requires leave to amend to be ***freely*** given when justice so requires. *Id.* (emphasis added). Courts consider several factors in determining whether to grant leave to amend, to include: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Rule 15, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'"

5

*Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).

First, as to the futility argument, the Court finds this argument is essentially moot. A Sixth Amended Complaint has already been filed, and ACH has already filed a Motion to Dismiss that amended complaint. *See* ECF No. 83; ECF No. 86. In the interest of determining cases on their merits, the Court finds it prudent to evaluate the Sixth Amended Complaint under the arguments presented in ACH's subsequent motion to dismiss. There is no harm in allowing the Court to consider those arguments, especially since they are already filed with the Court.

Second, the Court finds no error in the Magistrate Judge's evaluation of the factors considered in granting leave to amend. There is no evidence of bad faith or dilatory motive on the part of Plaintiff. Defendants are clearly on notice of Plaintiff's claims relating to the death of Ms. Primel. The Court does not see how there is an undue prejudice in allowing a final opportunity to amend, given the severity of the facts at issue in this case. And while the repeated failure to cure deficiencies arguably weighs against allowing amendment, the Court does not find that dispositive. With the addition of new co-counsel, this Court is leniently allowing Plaintiff one ***final*** opportunity to amend. The Court will caution that there shall be ***no*** further amendments. ACH has filed its motion to dismiss, arguing that even the

6

final Sixth Amended Complaint should similarly be dismissed, so the Court will rule on that motion once it is fully briefed.[3]

\* \* \*

Accordingly, the Court will **ACCEPT AND ADOPT** the recommended disposition of the R&R (ECF No. 76), **OVERRULE** ACH's Objections (ECF No. 81); **ACCEPT AS FILED** the Sixth Amended Complaint (ECF No. 83), and **DIRECT** Magistrate Judge Grand to issue a Report and Recommendation on Defendant ACH's pending Motion to Dismiss the Sixth Amended Complaint (ECF No. 86) after it has been fully briefed.  The remaining Defendants shall file an Answer or otherwise respond to the Sixth Amended Complaint on or before **January 23, 2026**.

**IT IS SO ORDERED.**

Dated:  December 30, 2025            s/Brandy R. McMillion
       Detroit, Michigan                     HON. BRANDY R. MCMILLION
                                           United States District Judge

---

[3] The Court will also allow all remaining Defendants to answer or otherwise respond to the Sixth Amended Complaint on or before **January 23, 2026**.